## SALE IN FORECLOSURE UNDER JUDGMENT FOR AN EXCESSIVE AMOUNT.

Circuit Court of Cuyahoga County.

### Anna V. Kuzel et al v. The Citizens Savings & Trust Company et al.

Decided, February 13, 1912.

*Foreclosure of Mortgage—Amount Found Due Excessive, But Foreclosure Sale Realizes Only Enough to Satisfy Amount Confessedly Due—Security for Joint Indebtedness, but Personal Liability Individual.*

1. Though a decree in foreclosure may be for more than was lawfully due the plaintiff, if the sale thereunder produces only enough to satisfy the amount confessedly due on the mortgage, the sale will not be set aside, for in such case, under Section 11702, General Code, the judgment creditor is required to make restitution only of the amount for which the mortgaged lands were sold, with interest, and that amount, at least, is confessedly due the mortgagor.

2. Husband and wife being jointly indebted to a bank in the sum of $2,100 and the husband individually indebted to it in the sum of $10,314.52, the bank demanded of the husband that he give security for the liabilities of himself and wife suggesting "that if he could not pay, he and his wife give a mortgage" on certain premises owned by them, whereupon they jointly executed a new note for $10,000 and a mortgage securing the same and delivered them to the bank, the amount of the new note being fixed at the estimated value of their equity in the property, there being a prior mortgage on it; *Held:* The mortgage secures the joint indebtedness of husband and wife and individual indebtedness of the husband, but the wife did not, by the transaction, increase her personal liability to the bank.

*A. A. & A. H. Bemis,* for plaintiffs in error.
*W. J. O'Neil,* contra.

Niman, J.; Winch, J., and Marvin, J., concur.

This proceeding in error is brought to reverse the judgment of the court of common pleas rendered in an action in that court in which the defendant in error, the Citizens Savings & Trust

Company, was plaintiff, and the plaintiffs in error, Anna V. Kuzel and Joseph H. Kuzel, and the defendant in error, Harriet M. Ellsworth, were defendants. Unless otherwise indicated, the parties will be referred to in the relation which they stood in the original action.

The action below was one for the foreclosure of a mortgage. The defendant, Harriet M. Elsworth was a lienholder, whose rights are not attacked and against whom no relief is sought in this proceeding.

The findings of fact and conclusions of law made by the court of common pleas are before us, and by reference to these it appears that on the 14th day of September, 1907, the defendants, Anna V. Kuzel and Joseph H. Kuzel, were legally indebted to the Dime Savings & Banking Company for two joint and several overdue promissory notes, one for $1,600, with certain interest thereon, and the other for $500, with certain interest thereon, both payable to the order of the Dime Savings & Banking Company; that the consideration for said notes was money loaned to said defendants in the same amounts as the face of said notes; that at the same time, the defendant, Joseph H. Kuzel, was also indebted to said the Dime Savings & Banking Company, either primarily or secondarily, upon numerous items of indebtedness aggregating $10,314.52; that on and prior to said 14th day of September, 1907, said the Dime Savings & Banking Company was engaged in the banking business in the city of Cleveland, and was at that time in danger of being thrown into liquidation by reason of outstanding obligations which it was unable to pay, and that several officers of said company, including the defendant, Joseph H. Kuzel, were heavily indebted to said company; that at that time said defendant, Joseph H. Kuzel, was the assistant treasurer of said company; that on and shortly prior to said 14th day of September, 1907, the duly authorized officers of said company demanded of said defendant, Joseph H. Kuzel, that the obligations of himself and said defendant, Anna V. Kuzel, be paid, or security furnished therefor; that the suggestion was made to him that if he could not pay, he and the said defendant, Anna V. Kuzel, give a mort-

gage on certain premises at that time owned by said defendant, Anna V. Kuzel; that he was informed that unless he should at once pay or furnish security for said obligations and certain other obligations asserted to exist, but disputed by him, he would be discharged from his employment as assistant treasurer of said company for his alleged misconduct and breaches of duty as said officer, but that if he paid such obligations, or furnished satisfactory security therefor, he would be retained in his position, which would give him time to make collections of certain debts outstanding for which he was security, with others, to the bank; that on said 14th day of September, 1907, he, with his wife, acting through his procurement, executed the note and mortgage described in the plaintiff's petition, and delivered the same to said the Dime Savings & Banking Company to secure the payment of all obligations then or thereafter legally owing from said defendants, Anna V. Kuzel and Joseph H. Kuzel, or either of them, to said company; that the amount of the note given was $10,000, payable one year after date, with interest at six per cent. per annum, payable semi-annually on the 15th day of June and December of each year until paid, all overdue interest to draw interest at the rate of eight per cent. per annum, payable semi-annually until paid; that the amount of said note was fixed at the estimated value of the equity of said defendants, Anna V. Kuzel and Joseph H. Kuzel, in the property covered by the mortgage given; that after the execution of said note and mortgage, they were duly assigned to the plaintiff, the Citizens Savings & Trust Company; that subsequent to the execution and delivery of the $10,000 note and mortgage, said the Dime Savings & Banking Company demanded of said defendant, Joseph H. Kuzel, that he give a demand note for the sum of $11,800 to cover the same indebtedness represented by the $10,000 note and mortgage except the $500 note and the $1,600 note, on which both he and the defendant, Anna V. Kuzel, were liable, and certain additional items of indebtedness; that in compliance with this demand, he, on the 15th of December, 1907, executed such a note; that about the same time he also executed a demand note to the

bank for $2,000 with interest, which was accepted by it to evi-
dence the same indebtedness represented by the $1,600 note of
the said Anna V. Kuzel and Joseph H. Kuzel, before referred to,
including the unpaid interest thereon, and that thereupon said
the Dime Savings & Banking Co., caused a credit of $1,600 and
interest to be placed on the ledger card of the $1,600 note; that
the $1,600 note has at all times been retained and held by the
company and its assigns; that there was attached as collateral
to said $1,600 notes a life insurance policy payable to the es-
tate of Joseph H. Kuzel, for $2,000 and a certificate for 100
shares of the common capital stock of the Lake Shore Electric
Railway Company; that after the credit was made on the ledger
card of the $1,600 note, the certificate of stock was transferred
as collateral to said $2,000 note, and the life insurance policy
was thereafter carried with said $11,800 note; that the $2,000
note has not been paid, and that all money paid on said debt and
previous credits thereon, have been credits on said $1,600 note;
that neither the Dime Savings & Banking Company nor any of
its directors, officers or agents, ever made any false representa-
tions, threats or intimations to the defendant, Anna V. Kuzel,
nor did the Dime Savings & Banking Company, nor any of its
directors, officers or agents, other than the defendant, Joseph H.
Kuzel, make any representations to the said Anna V. Kuzel
about said note and mortgage, and that she had full and free
opportunity at the time she executed the same, to read and ex-
amine said note and mortgage; that the said defendant, Anna
V. Kuzel, was not informed as to the various matters set forth
in the finding of fact concerning the condition of the bank by
anyone representing the bank, and that she had no knowledge
thereof other than as may have been communicated to her by
her said husband, Joseph H. Kuzel.

As conclusions of law, from the facts found, the court ot
common pleas found that there was due the plaintiff, the Citi-
zens Savings & Trust Company, from the defendants, Anna V.
Kuzel and Joseph H. Kuzel, jointly and severally on their two
notes for $500 and $1,600, the sum of $2,850.62, with interest
from September 1, 1911; that there was due the plaintiff from

the defendant, Joseph H. Kuzel, including said sum of $2,850.62 and interest, the sum of $10,314.52, with interest from the first day of the September term of court, 1911; that said note and mortgage for $10,000 given by the said Anna V. Kuzel and Joseph H. Kuzel secured all the indebtedness found to be owing the plaintiff by said parties, and that "there is now due plaint" on said $10,000 note and mortgage from defendants, Anna V. Kuzel and Joseph H. Kuzel, the sum of $10,314.52 and interest thereon from the first day of this term of court"; and that to secure the payment of said sum said plaintiff had and holds the best lien on the property in the decree described, subject only to the lien of the defendant Harriet M. Elsworth.

Before this case was heard in this court, the property involved in the foreclosure proceeding was sold at sheriff's sale under the decree of foreclosure, to the plaintiff, and after payment of the costs and prior liens out of the proceeds of the sale, there was paid to the plaintiff the balance remaining, which amounted to only $692.29.

It is contended by the plaintiff in error, Anna V. Kuzel, that there was a failure of consideration for the giving of the mortgage on her property, except as to the indebtedness to the bank for which she was jointly liable with her husband, the defendant, Joseph H. Kuzel; that since such indebtedness was represented by only the $500 note and the $1,600 note referred to, the mortgage when given secured only the amounts due on those two notes, and did not, by reason of want of consideration, secure any of her husband's individual indebtedness; that after the giving of said mortgage, the transaction that took place concerning the $1,600 note, as above detailed, constituted a payment and discharge thereof, leaving the $500 note with interest thereon, the only indebtedness secured by said mortgage, at the time of the trial in the court of common pleas.

A reversal is sought of all findings in the court below, not in accord with these contentions.

The amount due on the $500 note, conceded to have been secured by the mortgage, was in excess of the amount received by the plaintiff in error, on the distribution of the proceeds of

the sheriff's sale, and the plaintiff in error insists that there is, therefore, no prejudicial error in the decree of the court below, so far as the mortgaged property and the application of the proceeds thereupon, are concerned. This proposition, limited to the effect of any error committed by the trial court, upon the title to the property sold, and the distribution of the proceeds, is well founded.

Section 11702, General Code, provides:

"If a judgment, in satisfaction of which lands or tenements are sold, be thereafter reversed, such reversal shall not defeat the title of the purchaser. In such case restitutione must be made by the judgment creditor, of the money for which such lands or tenements were sold, with lawful interest from the day of sale."

It is clear, therefore, that reversal of the judgment of the court of common pleas could not defeat the title of the purchaser of the mortgaged premises, and it is equally clear that the plaintiff could not be required to make restitution of so much of the proceeds of the sale as it has received, since it did not receive as much as was admittedly secured by the mortgage.

In another way, however, the plaintiff in error may be prejudiced if the findings of law and the judgment of the court below were not correct. The finding of the court of the amounts due from the defendant, Anna V. Kuzel, on the various notes, as set forth in the decree, although no personal judgment therefor was rendered against her, is a judicial determination of the validity of the indebtedness, and execution may issue for the deficiency left after crediting the amount received from the sale of the premises. *Giddings* v. *Barney*, 31 O. S., 80.

Of the errors complained of, therefore, only those need be considered that relate to the several amounts found due the plaintiff from the defendant, Anna V. Kuzel, since it is only in respect to these that she can be prejudiced by any error found in the findings and decree of the court below.

The validity of the $500 note being admitted, no further attention need be given it.

As to the $1,600 note on which the defendant, Anna V. Kuzel, was jointly liable with her husband, it is claimed that by taking the note of December 15, 1907, for $2,000 signed by Joseph H. Kuzel alone, to evidence the same debt, represented by the one for $1,600 and interest thereon, crediting the ledger card of the latter note with the amount of the former, and shifting the collateral from the earlier to the later notes, the bank released the defendant, Anna V. Kuzel.

In our opinion the facts do not justify this conclusion. The taking of a note for a debt does not constitute payment of the debt unless such is the agreement, and the facts disclose no such agreement. The amount realized from the collateral and the interest paid on the $2,000 note have been credited on the one for $1,600 which was never surrendered. The entering of credits on the ledger card of the $1,600 note was according to the usage of the bank and was a mere matter of bookkeeping, and did not indicate that the note had been paid. Nothing in the facts found would justify the conclusion of law that this note had been paid, or that Mrs. Kuzel had been released therefrom. The finding, therefore, that there was due the plaintiff from Anna V. Kuzel and Joseph H. Kuzel jointly and severally, on the notes for $500 and $1,600 the sum of $2,850.62, with interest from September 1, 1911, is sustained.

The only remaining question relates to the correctness of the finding that there was due from the defendants, Anna V. Kuzel and Joseph H. Kuzel, on the $10,000 note and mortgage the sum of $10,314.52 and interest.

The liability of Joseph H. Kuzel in this amount can not be disputed on the facts found. As to Anna V. Kuzel $2,850.62 of this amount, with interest, has been heretofore considered, and the finding of an indebtedness on her part to this extent approved.

If the Dime Savings & Banking Company stood in the position of a holder for value of said $10,000 note, or if the facts found show a consideration for said note to the full extent, the finding, that the full amount thereof, with interest, was due the plaintiff from these defendants should stand, but if not, as against

Anna V. Kuzel, the finding was erroneous, and the amount excessive by the difference between $10,314.52 and $2,850.62.

We are of opinion that the mere continuance of Mr. Kuzel in his employment, and the fact that the bank did not bring suit on the paper in its possession, and the other facts relied upon, did not furnish a new consideration for the note and mortgage. If there were nothing in the facts showing any limitation upon the liability assumed by Mrs. Kuzel when she joined in the execution of the note and mortgage, it might well be contended that she was liable to the full amount under the principle of *Pitts* v. *Foglesong*, 37 O. S., 676, where it was held:

"One, not induced by fraud, who indorses a negotiable promissory note owned by another, for his accommodation without restriction as to its use, is liable to an indorsee who receives it in good faith from the owner, before due, as collateral security for an antecedent debt of such owner, although there be no other consideration for giving such collateral."

We find, however, by reference to the finding of facts, that when the bank made its demands upon Mr. Kuzel for security for the liabilities of himself and Mrs. Kuzel, the suggestion was made to him, quoting from the finding, "that if he could not pay, he and Anna V. Kuzel give a mortgage on the premises in this decree described for such purpose." Again the facts inform us that the amount of the note given was fixed at the estimated value of the equity of said Joseph H. Kuzel and Anna V. Kuzel in the property in the mortgage described.

The logical and reasonable inference from these facts is that it was the intention of the parties on both sides of the transaction, that Mrs. Kuzel should convey her property by way of mortgage, to secure both her own indebtedness and that of her husband, but that she should not incur any personal obligation beyond that already owing by her. The giving of the note for $10,000 was a mere incident in the furnishing of the mortgage security which the bank had demanded, to secure the debts of the Kuzels, already existing, and such as might thereafter be created.

The mortgage security has been exhausted, and for the reasons suggested, neither of the plaintiffs in error has been prejudiced in any way by what took place in the court below with respect thereto, but the plaintiff in error Anna V. Kuzel is entitled to a reversal of so much of the judgment or decree as finds to be due from her to the defendant in error, the Citizens Savings & Trust Company, any amount in excess of $2,850.62, with interest from the first day of September, 1911.

The judgment of the court of common pleas is therefore reversed, but the facts being before us, and the error found consisting of a finding of law, not warranted by the facts, the judgment will be rendered by this court which should have been rendered by the court below.